UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WINPLUS NORTH AMERICA, INC.
a California corporation, and WINPLUS
COMPANY LTD., a Hong Kong Corp.,

    Plaintiffs,

v.

SCANTOP ENTERPRISE
COMPANY, LTD., a Taiwan
corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiffs Winplus North America, Inc. and Winplus Company, Ltd. (collectively "Winplus"), sue Scantop Enterprise Company, Ltd., for breach of contract, and state:

## NATURE OF THE CLAIM

1. This is a breach of contract action based on an unconfirmed Final Arbitration Award (the "Award") in the amount of One Million Two Hundred Ninety Seven Thousand Eight Hundred Thirty-Five Dollars and Eighty-Seven Cents ($1,297,835.87). (Exh. "A").

2. Pursuant to the parties' contract, the arbitration giving rise to the Award was conducted in, and under the laws of, the State of California.

3. Pursuant to California law, the Award has the same force and effect as a contract.  *See* Cal. Code Civ. Proc. § 1287.6, *infra*.

## PARTIES

4. Plaintiff, Winplus North America, Inc., is a corporation incorporated under the laws of California with its principal place of business in California and is a citizen of California.

5. Winplus North America, Inc. distributes window wiper blades throughout the entire United States of America.

6. Plaintiff, Winplus Company Ltd., is a Hong Kong corporation with its principal place of business in Hong Kong and is a citizen of Hong Kong.

7. Defendant, Scantop Enterprise Company, Ltd., is a Taiwan corporation with its principal place of business in Taiwan and is a citizen of Taiwan.  Scantop manufactures window wiper blades for distribution in the United States and internationally.

## JURISDICTION

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), because there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over Scantop because Scantop engages in continuous and systematic contacts in the State of Florida by engaging in business in the State of Florida. Specifically, by no later than January 1, 2008, Scantop entered into a

2

supply agreement with Pylon Manufacturing Corp., a Delaware corporation, with its principal place of business in Deerfield Beach, Florida, within this judicial District. The supply agreement provides for Scantop to manufacture and supply products for Pylon, a window wiper blade distributor, to distribute in the United States, including Florida. Since at least 2008 and continuously through the present, Scantop has supplied products to Pylon in accordance with purchase orders that Pylon provides to Scantop, which issue from Pylon's Deerfield Beach, Florida office. Scantop thereupon invoices Pylon for the product at the Deerfield Beach, Florida address.

## VENUE

10.  Pursuant to 28 U.S.C. § 1391(c)(3), venue is proper in this District because Scantop is *not* a resident of the United States.

## FACTS

11.  On April 16, 2014, the Award was entered against Scantop in the total amount of $1,297,835.87, in California.

12.  The Award arises out of a dispute concerning distribution agreements between the parties concerning window wiper blades manufactured by Scantop to be distributed by Winplus in North America. The facts of the underlying arbitration are set forth in the attached Award and, while incorporated herein, are not pertinent to this action. *See* Exh. "A."

13.  California law governs the parties' agreements underlying the arbitration resulting in the Award.

14. The Award requires Scantop to pay Winplus $1,187,012.65 within thirty (30) days from the transmittal of the Award to the parties. *See* Exh. A, p. 7.

15. The Award also requires Scantop to reimburse Winplus for tribunal and arbitrator fees in the amount of $110,832.33. *Id.*

16. Scantop has <u>not</u> paid Winplus any amount of the awarded sums of money totaling $1,297,835.87.

17. California has a statutory interest rate of ten percent (10%) per annum. Cal. Code Civ. Proc. § 685.010(a). Thus, interest on the Award exceeds $240,000, and continues to accrue.

18. Winplus has petitioned to confirm the Award in its favor in the United States District Court of the Central District of California. *See Winplus, v. Scantop*, C.D. Cal. Case No. 14-CV-04946-DSF (PJWx) (the "California Action").

19. Scantop evaded service in the California Action for over a year, but service has now been effectuated and a confirmation hearing in that action is scheduled for March 7, 2016.

20. Pylon, the Deerfield Beach, Florida based distributor of Scantop's window wiper blades, is a debtor of Scantop, and Scantop has the right to receive payments from Pylon for the products it has supplied to Pylon.

21. The receivables from Pylon in Florida constitute an asset available in the United States to secure an eventual judgment on the breach of contract in this case, or on the Award against Scantop.

22. Simultaneous with the filing of this Complaint, Winplus is filing a Motion for Order and Pre-Judgment Writ and a supporting declaration to secure the unpaid debt.

## CLAIM FOR RELIEF
**(Breach of contract)**

23. Winplus reaffirms and realleges paragraphs 1 through 22 as if fully set forth herein.

24. Under California law, the attached unconfirmed Award constitutes a contract between the Parties. *See* Cal. Code Civ. Proc. § 1287.6 ("An award that has not been confirmed or vacated has the same force and effect as a contract in writing between the parties to the arbitration."); *see also Mossman v. City of Oakdale*, 170 Cal. App. 4th 83, 89, 87 Cal. Rptr. 3d 764, 769 (2009) (noting that an arbitration award is a contract between the parties to the arbitration).

25. Scantop breached the Award by failing to pay the amount awarded to Winplus within the required timeframe.

26. As a result of Scantop's breach, Winplus has sustained and is continuing to sustain damages, including but not limited to the amount of the Award, pre- and post-judgment interest, and costs and attorneys' fees awardable by law and pursuant to the parties' underlying arbitration agreement.

WHEREFORE, Winplus demands judgment against Defendant, Scantop, for damages in the amount of $1,297,835.87, and pre- and post-judgment interest for Scantop's breach of the Award, for attorneys' fees and costs, and for such further and other relief as this Court deems just and proper.

Dated:  March 1, 2016

                    Respectfully Submitted,

**BROAD AND CASSEL**
One Financial Plaza
100 SE 3rd Avenue, Suite 2700
Fort Lauderdale, FL 33394
Phone: 954-764-7060
Fax: 954-761-8135
Primary and secondary e-mail addresses:
arabinowitz@broadandcassel.com
slbrown@broadandcassel.com
clehm@broadandcassel.com


By: __/s/ *Adam G. Rabinowitz*_____
     Adam G. Rabinowitz
     Florida Bar No.: 177962
     Christina Lehm
     Florida Bar No.:  112596

     Attorneys for Winplus


Genga & Associates, P.C.
John M. Genga, CA St. Bar No. 125522
15260 Ventura Blvd., Suite 1810
Sherman Oaks, CA  91403
Phone: (818) 444-4580
Fax: (818) 444-4585
jgenga@gengalaw.com

Of Counsel (not admitted in this District)